## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. PATRICK PETE STOVER, | ) | |
| 2. SHERI  LYNN STOVER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) Case No.: 17-cv-1002-HE | |
| | ) | |
| 1.  STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, a foreign for profit insurance | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTIONS *IN LIMINE* AND BRIEF IN SUPPORT

COMES NOW the Plaintiffs, Patrick Stover and Sheri Stover (hereinafter "Plaintiffs"), by and through their attorneys of record, respectfully submitting their motion to exclude certain evidence *in limine* from the trial in this matter. Plaintiffs anticipate Defendant may offer improper, irrelevant, and prejudicial evidence at trial.  If the Plaintiffs are required to wait and object to the evidence during the trial of this case, there is the risk that the jury will be informed of the improper evidence and that the prejudicial effect resulting therefrom cannot be overcome by a sustained objection or curative instruction by the Court. Accordingly, the Plaintiffs respectfully request that this Court grant its Motion *in limine* in its entirety and prohibit all testimony, mention by counsel, or reference to the issues listed below.

## LEGAL STANDARD

A motion *in limine* is a pretrial motion requesting the Court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to the

1

moving party that curative instructions cannot prevent the pre-dispositional effect on the jury. <u>Messier v. Simmons Gun Specialties, Inc.</u>, 687 P.2d 121, 127 (Okla. 1984). See also, <u>Braden v. Hendricks</u>, 695 P.2d 1343, 1348-49 (Okla. 1985). The Court's right to grant or deny the motion is inherent in its right to admit or exclude evidence at trial. It affords the opportunity to the Court to rule on the admissibility of evidence in advance, and prevents encumbering the record with immaterial or prejudicial materials.  "*In limine*" means any motion, whether used before or during trial, by which exclusion is sought of anticipated prejudicial evidence. <u>Braden</u>, 695 P.2d at 1349.

## PLAINTIFFS' MOTIONS *IN LIMINE*

Plaintiff seeks a pre-trial ruling to exclude any mention of the following evidence by opposing counsel, witnesses or parties:

## I: RULING ON PRETRIAL MOTIONS

Plaintiffs move the Court to instruct counsel for the Defendant and its witnesses and representatives to refrain from mentioning or divulging, directly or indirectly, and from testifying concerning the fact that this motion, or any other pretrial motion, has been filed or any ruling by the Court in response thereto. Further, any suggestion or inference offered to the jury that Plaintiffs have moved to prohibit proof or that the Court has excluded proof of any particular matter should be excluded *in limine*. Defendant should be prohibited from offering this evidence, either directly or indirectly, as it has absolutely no probative value and poses a substantial risk of unfair prejudice to Plaintiffs.

## II: EFFECT OF CLAIM, SUIT, OR JUDGMENT ON INSURANCE RATES

Defendant and its witnesses and representatives should be prohibited from stating

or insinuating that insurance rates will increase or otherwise be affected by this claim and/or this litigation. Defendant should not insinuate or state that a claim, suit, or judgment will have an effect upon insurance rates, premiums, or charges. Further, Defendant should be prohibited from stating that there is an increase in the cost of doing business or prices as a result of a claim, suit, or judgment against Defendant or other insurance carriers. This type of evidence or insinuation lacks probative value, poses a substantial risk of unfair prejudice to Plaintiffs, and leads to confusion of the issues.

## III: OFFERS OF SETTLEMENT

Defendant and its witnesses, representatives, and counsel should be prohibited from mentioning, either directly or indirectly, any offer of payment or settlement which has been made in this litigation. This should include any argument or assertion that this lawsuit could have been or should have been but was not settled, compromised, or resolved. 12 OS §2408.

## IV: NEW OPINIONS OF THE DEFENDANT'S EXPERT WITNESS

Plaintiffs move the Court to instruct counsel for the Defendant and their witnesses to refrain from rendering and offering expert opinion to the extent that said evidence has not been previously disclosed through deposition testimony, expert reports, or other discovery devices. To do so would be contrary to law as it amounts to an unfair surprise at the time of trial. Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1980).

Defendant is under a continuing duty to supplement discovery responses, expert reports, and deposition testimony as these items relate to expert witnesses. Under Rule 26(e) of the Federal Rules of Civil Procedure, a party is under a duty to supplement "at

appropriate intervals its disclosure under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect". Thus, any opinions not previously proffered or disclosed by the Defendant or previously expressed by their witnesses as an expert opinion are inadmissible at trial. <u>Smith</u> at 794.

## V: TESTIMONY BY MR. BERRYMAN REGARDING REPAIRS TO OTHER HOMES.

Defendant's expert, Mr. Berryman, should be prohibited from offering testimony or evidence related to repairs done to other tornado damaged homes. It should be mentioned that this testimony should be excluded under Proposition IV above, as these opinions were not included in Mr. Berryman's Rule 26 report. Regardless, Mr. Berryman arrived at his deposition with photographs of unrelated homes that Mr. Berryman allegedly repaired after the houses sustained tornado damages. He explained in his deposition that he had "gone back through some historical files" and located before and after pictures from unrelated projects. Mr. Berryman testified that he "wanted to be able to show….a jury, as well, that there are projects that have significant damage that maybe to a lay person don't appear as though they could be restored when, in fact, they can be and have been." (Exhibit 1 - Berryman Deposition; Page 15, Lines 13-25; Page 16, Lines 1-13). In other words, Mr. Berryman is making the argument that Plaintiffs' home can be cobbled back together because he has done it before on these unrelated homes with unknown damages.

This evidence and testimony should be excluded as unfairly prejudicial. Mr. Berryman testified that he purchased these properties after they were damaged by a

tornado. Plaintiffs (and the jury) do not know the extent of damage these unrelated properties sustained, how the underlying insurance claims on these homes were disposed of, what repair methods were utilized, or the condition of those homes today. Indeed, these homes had different layouts and almost certainly sustained different damages than Plaintiffs' home. Mr. Berryman should be prohibited from discussing these unrelated properties, as this evidence has no probative value and has a high risk of unfair prejudice.

## VI: SPECULATION REGARDING THE INCLUSION OF THE UPSTAIRS SUBFLOOR IN STATE FARM'S ESTIMATE

Defendant's expert, Mr. Berryman, should be prohibited from speculating and offering his opinion that Defendant's adjuster, Greg Morgan, included Plaintiffs' upstairs subfloor in State Farm's estimate by mistake. Mr. Berryman testified that the upstairs subfloor was put in "inadvertently" and that it had to be a "keystroke error". (Exhibit 1; Page 106, Lines 3-15). This is pure and wild speculation. Mr. Berryman is simply advocating for State Farm and has no personal knowledge to suggest that Defendant's inclusion of the upstairs subfloor in its estimate was an inadvertent, keystroke error. This evidence and testimony should be excluded as it is unfairly prejudicial, has no probative value, and is not based on Mr. Berryman's personal knowledge.

## VII: TESTIMONY BY MR. HEESCH REGARDING THE CONDITION OF PLAINTIFFS' HOME AFTER HIS INSPECTION.

Defendant's engineer, Mr. Heesch, should be prohibited from speculating and offering his opinion regarding the condition of Plaintiffs' home subsequent to his inspection. Mr. Heesch inspected Plaintiffs' home only once on May 24th, 2017. Mr.

5

Heesch admitted in his deposition that he has no knowledge and doesn't intent to offer any testimony regarding the condition of Plaintiffs' home after the day of his inspection:

> **Q. Okay. A month after the -- your inspection, you don't know what the condition of the Stovers' home was, do you?**
>
> **A. Well, I'll just cut to the chase. I don't know what the Stover's home has looked like since I've been out there. I've not returned to the property, so I can't give you any opinion on what it looks like since I've been there.**

(Exhibit 2 - Heesch Deposition, Page 110, Lines 10-17)

Admittedly, Mr. Heesch has no knowledge of the condition of Plaintiffs' home on any day other than May 24th, 2017. Thus, he should be prohibited from speculating or testifying as to the condition of Plaintiffs' home subsequent to his inspection. Any evidence and testimony along this line should be excluded as it is unfairly prejudicial, has no probative value, and is not based on Mr. Heesch's personal knowledge.

## <u>CONCLUSION</u>

Plaintiffs respectfully request that their motion to exclude certain evidence *in limine* from the trial in this matter be granted.

Respectfully submitted,

s/ *Matthew M. McGrew*
Matthew M. McGrew, OBA# 32065
MCGREW, MCGREW & ASSOCIATES, PC
400 North Walker Avenue, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2018, I electronically transmitted the foregoing document, Plaintiffs' Motions in Limine to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeffrey A. Curran
Lance Leffel
John M. "Jake" Krattiger
Jace White
**GableGotwals**
One Leadership Square 15th floor
211 N. Robinson
Oklahoma City, OK 73102

**Counsel for Defendant**

*s/ Matthew M. McGrew*